**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : |
| Blacklick Hotspot Corp., | : Bankruptcy No. 21-70209-JAD |
| | : |
| | : Chapter 11 |
| Debtor, | : |
| | : |
| and | : Filed on behalf of: |
| | : Indiana County Tax Claim Bureau |
| INDIANA COUNTY TAX CLAIM BUREAU, | : |
| | : |
| Movant. | : Counsel of Record for this Party: |
| | : |
| | : Kevin R. Gaydos |
| | : Pa. I.D. #316476 |
| | : Supinka & Supinka, PC |
| | : 983 Philadelphia Street |
| | : Indiana, PA  15701 |
| | : 724.349.6768 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : |
| Blacklick Hotspot Corp., | : Bankruptcy No. 21-70209-JAD |
| | : |
| | : Chapter 11 |
| Debtor, | : |
| | : |
| and | : |
| | : |
| INDIANA COUNTY TAX CLAIM BUREAU, | : |
| | : |
| Movant. | : |

**MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1112(b)**

The Indiana County Tax Claim Bureau (the "Bureau"), as a party in interest in the above

captioned bankruptcy case, respectfully appears now before the Court petitioning to dismiss this

bankruptcy case pursuant to 11 U.S.C. § 1112(b) on the following grounds:

I.      BACKGROUND

1.      Blacklick Hotspot Corp. ("Debtor") is the record owner of property identified as

Indiana County Parcel ID: 10-031-604.00 (the "Property"), pursuant to a deed dated February 9,

2013, recorded at Instrument Number 2013-240341, a copy of which is attached hereto as

"Exhibit A".

2.      Since the Debtor has acquired the Property in 2013, Debtor has failed to pay real

estate property taxes in 2013, 2014, 2015, 2016, 2017, 2018, 2019 and 2020.

3.      Upon information and belief, Debtor has no employees, is not operating a

business and has not operated a business for years, if ever. The Property is an abandoned,

dilapidated, former convenience store.

4.      Debtor previously filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 3, 2019 at Bankruptcy No 19-70269 – JAD just prior to a judicial tax sale of the Property in 2019. As result of Debtor's bankruptcy filing, the Property was removed from the 2019 judicial tax sale.

5.      The 2019 bankruptcy was dismissed without prejudice on June 25, 2020 pursuant to a Motion to Dismiss filed by Mansfield Oil Company of Gainesville, Inc.

6.      Debtor filed this Chapter 11 bankruptcy action on May 3, 2021.

7.      Also on May 3, 2021, the Bureau held its annual judicial tax sales at 10:00 a.m. at the Indiana County Courthouse, at which time Nicolas Krowchena ("Krowchena") bid $43,000.00 for the Property.

8.      Subsequent to the Property being bid on at the judicial sale on May 3, 2021, the Bureau received documentation from the Indiana County Sheriff's Department, which had received a fax transmission from Debtor's counsel, Elliot & Davis, PC, at 9:57 a.m. that same morning. The fax transmission indicated that the Debtor had filed this Chapter 11 bankruptcy proceeding on May 3, 2021 at 9:41 a.m. A copy of the fax transmission received by the Indiana County Sheriff's Department is attached hereto as Exhibit "B."

9.      Notice of the bankruptcy filing was never provided to the Indiana County Tax Claim Bureau by Debtor's counsel prior to the tax sale commencing.

10.     At the time Krowchena successfully bid on the Property at the judicial tax sale on May 3, 2021, the Bureau did not have actual notice or knowledge that the Debtor had commenced a bankruptcy case.

11.    At the time Krowchena successfully bid on the Property at the judicial tax sale on

May 3, 2021, the Bureau accepted bids on the Property in good faith.

12.    After Krowchena successfully bid on the Property, he subsequently withdrew his

bid after learning that the Debtor had filed for bankruptcy.

13.    Pursuant to Debtor's Motion to Convert from Subchapter V to an Ordinary

Chapter 11 Proceeding filed in this matter, Debtor believes that its only tangible asset is the

Property, which is an abandoned, dilapidated, former convenience store.

## II.    LEGAL ARGUMENT

14.    It is clear from the circumstances of Debtor's Chapter 11 bankruptcy filing that

the sole purpose for filing bankruptcy was to shield the Property from the judicial tax sale that

occurred on May 3, 2021.

15.    Pursuant to 11 U.S.C. § 1112(b)(1), the court shall convert a case under this

chapter . . . or dismiss a case under this chapter, whichever is in the best interests of creditors and

the estate for cause, unless the court determines that the appointment under section 1104(a) of a

trustee or an examiner is in the best interests of creditors and the estate.

16.    The Bankruptcy Code's list of examples of "cause" supporting dismissal or

conversion of a chapter 11 case is not meant to be exhaustive. Congress intended the bankruptcy

courts to consider additional factors and to use equitable powers to reach an appropriate result in

individual cases. See In re Milford Connecticut Associates, L.P., 404 B.R. 699, 707 (D. Conn.

2009).

17.    Under 11 U.S.C. § 1112(b)(4)(A), cause for dismissal exists where there is an

"absence of a reasonable likelihood of rehabilitation."

18.     Section 1112(b) requires a two-step process in which the court first determines whether there is "cause" to convert or dismiss, and next chooses between conversion and dismissal based on "the best interest of creditors and the estate."

19.     A debtor in a Chapter 11 bankruptcy must demonstrate an ability to reorganize by establishing "a reasonable possibility of a successful reorganization within a reasonable time." United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 376 (1988).

20.     A bankruptcy court may find cause to dismiss a case where there is not "a reasonable possibility of a successful reorganization within a reasonable period of time." In re Am. Capital Equip., LLC, 688 F.3d 145, 162 (3d Cir. 2012).

21.     Debtor's case is not a complex case that requires a lengthy time to resolve, nor is it a case that should be under Chapter 11, particularly because it involves only one real estate asset.

22.     The Court of Appeals for the Third Circuit has long ruled that bankruptcies filed without a reorganizational purpose should be dismissed. E.g. In re SGL Carbon Corp., 200 F.3d 154, 163-64 (3d Cir. 1999).

23.     In SGL Carbon, the Third Circuit addressed "several cases [that] hold that a Chapter 11 petition is not filed in good faith unless it serves a valid reorganizational purpose." Id. The Court cited as examples lack of a valid reorganizational purpose, using bankruptcy to obtain tactical advantages, using bankruptcy as a mechanism to orchestrate pending litigation, and filing bankruptcy merely for tactical reasons unrelated to bankruptcy goals. Id.

24.     When a bankruptcy petition is filed in bad faith, cause exists to dismiss the case. The debtor bears the burden of establishing that its petition was commenced in good faith. In re

Pinnacle Land Grp., LLC, No. 17-23339-GLT, 2018 WL 4348051, at *10 (Bankr. W.D. Pa. Sept. 10, 2018).

25.    Here, Debtor's proposal for a feasible plan of reorganization is based entirely on speculation that rental proceeds from a lease regarding the Property, an abandoned convenience store, will provide the necessary cash flow.

26.    Because Debtor has no realistic likelihood of rehabilitation, is incapable of proposing a feasible plan in a reasonable time, and clearly is seeking a tactical advantage by filing for bankruptcy immediately prior to a judicial sale, dismissal is in the best interests of the estate and creditors. Moreover, Debtor will not be prejudiced by dismissal because it can file state court actions in the appropriate jurisdictions.

### III.    RELIEF REQUESTED

27.    The Indiana County Tax Claim Bureau has established a prima facie case that cause exists to dismiss this bankruptcy and the burden now shifts to the Debtor to demonstrate that it did not file the bankruptcy in bad faith and that it can establish a feasible plan within a reasonable period of time and that dismissal would be unfavorable to the creditors of the estate.

WHEREFORE, the Indiana County Tax Claim Bureau respectfully requests the entry of an order DISMISSING this bankruptcy case together with all pending motions and objections.

Respectfully submitted,

SUPINKA and SUPINKA, PC

BY: /s/ Kevin R. Gaydos_____
     983 Philadelphia St.
     Indiana Pa. 15701
     724-349-6768
     kevin@supinka.com
     Pa. I.D. 316476